### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | **Chapter 11** |
| **UAL CORPORATION, et al.,** | ) | |
| | ) | **Case No. 02-B-48191** |
| Reorganized Debtors | ) | **(Jointly Administered)** |
| | ) | |
| ——————————————— | ) | |
| | ) | |
| **HSBC BANK USA, NATIONAL** | ) | |
| **ASSOCIATION, as Trustee,** | ) | |
| | ) | |
| Plaintiff, | ) | **Adv. Pro. No. 04-A-02413** |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED AIR LINES, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| ——————————————— | ) | |

### MEMORANDUM OF DECISION

This adversary proceeding is before the court on a motion by defendant United
Air Lines, Inc. ("United") to alter or amend the court's judgment of October 5, 2006,
issued after trial and accompanied by a written opinion. *HSBC Bank USA v. United
Air Lines, Inc. (In re UAL Corp.)*, 351 B.R. 916 (Bankr. N.D. Ill. 2006) (the "prior
decision"). That judgment determined the amount of the secured claim that HSBC
Bank USA, N.A. ("HSBC") has against United based on HSBC's security interest in
property leased by United at San Francisco Airport ("SFO"). United argues that the
judgment is erroneous in valuing HSBC's collateral without subtracting future rent
payments attributable to the property. The prior decision did not specifically address
this argument; however, as set out below, the argument is not well founded.

## Jurisdiction

This court has jurisdiction to enter a final order, as explained in the prior decision. *HSBC Bank*, 351 B.R. at 918.

## Factual Background

Most of the facts relevant to HSBC's pending motion are discussed in the prior decision, *id.* at 918-19, and are briefly summarized here.

HSBC is the indenture trustee for holders of municipal bonds that financed improvements at SFO on property leased by United. The bonds were to be paid solely by United, through a transaction in which United nominally subleased a portion of its SFO leasehold to the bond indenture trustee and the trustee leased the property back to United, with rent under the leaseback equal to debt service on the bonds. HSBC took the position that the sublease/leaseback transaction was a set of true leases. United contended that it was actually a financing arrangement, in which the sublease gave the indenture trustee an interest in United's SFO lease securing the payments required by the leaseback. United filed an adversary proceeding seeking recharacterization of the transaction consistent with its view. This court found in favor of United, and the judgment was ultimately upheld on appeal. *United Air Lines, Inc. v. HSBC Bank USA*, 307 B.R. 618 (Bankr. N.D. Ill. 2004), *rev'd*, 317 B.R. 335 (N.D. Ill. 2004), *rev'd*, 416 F.3d 609 (7th Cir. 2005), *cert. denied*, __ U.S. __, 126 S.Ct. 1465 (2006).

On April 28, 2004, while the appeals of the recharacterization proceeding were pending, HSBC filed the current adversary proceeding to address the possibility that its position on recharacterization would not prevail. HSBC's adversary complaint sought to the value the interest that HSBC would have in United's leasehold and to

obtain a declaration that HSBC had an allowed secured claim in that amount. The complaint was tried, and in the prior decision, the court valued HSBC's security interest by discounting to present value the projected rental income that the property involved in the sublease/leaseback would generate over the remaining term of the sublease. In making that determination, the decision did not subtract from the projected rentals the amount that United was required to pay for the subject property by the terms of its underlying lease. *See HSBC Bank*, 351 B.R. at 925. United timely filed a motion to amend this judgment.

### Discussion

Generally, the value of a leasehold interest is the difference between the present value of the rent that the leased property can generate at current market rates and the present value of the rent actually required under the lease. When a leasehold mortgagee forecloses on its interest in the lease, it generally becomes responsible to the lessor for the rent payments required by lease; it effectively assumes the position of the leasehold mortgagor (the original lessee). *See* L.S. Tellier, *Liability of Mortgagee or Lienholder of a Lease with Respect to Rents or Covenants Therein*, 73 A.L.R.2d 1118 (1960). Thus, the rent due under the mortgaged lease would be essential to determining its value as collateral. Indeed, if the rent payments required by the lease were above market rate, the lease would be worthless as collateral. Accordingly, to find the proper value of HSBC's interest in United's leasehold, United argues that the decision in this proceeding should have subtracted the rent due under United's underlying SFO lease from the projected market rent.

However, the usual method of calculating the value of leasehold mortgages is not applicable here. United did not simply convey its interest in the SFO lease—with

3

all of its rights and obligations—as security for the bond payments. Rather, in the sublease, United gave as security only its right to possess a portion of the leasehold. United expressly retained all of its payment obligations under the principal lease . Site Sublease § 7, UAL Exhibit 3 ("[United] covenants and agrees that it will observe and perform all of its covenants, agreements and obligations contained in the Ground Lease."). Under the sublease/leaseback, HSBC had a right to the subleased property, without paying rent, subject to United's right to use the property under the leaseback. If United defaulted on the leaseback, HSBC would have the right to repossess the subleased property, with no obligation to make payments on the underlying lease. The judgment, then, properly valued HSBC's collateral by discounting to present value the rents that would be generated in the market by the subleased rental property, undiluted by United's retained obligation to make payments on the underlying lease.

Accordingly, United's motion to alter or amend the judgment will be denied.

Dated: January 22, 2007

Eugene R. Wedoff
United States Bankruptcy Judge

4