UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: )<br>)<br>)<br>UAL CORPORATION, et al.,             )<br>)<br>Reorganized Debtors                        )<br>)<br>_____  )<br>)<br>HSBC BANK USA, NATIONAL              )<br>ASSOCIATION, as Trustee,             )<br>)<br>Plaintiff,                           )<br>)<br>v.                                   )<br>)<br>UNITED AIR LINES, INC.,              )<br>)<br>Defendant.                           )<br>_____  ) | Chapter 11<br><br>Case No. 02-B-48191<br>(Jointly Administered)<br><br><br><br><br><br><br>Adv. Pro. No. 04-A-02413 |

**MEMORANDUM OF DECISION**

This adversary proceeding is before the court on the motion of plaintiff HSBC Bank USA, N.A. ("HSBC") to alter or amend the court's judgment of October 5, 2006, issued after trial and accompanied by a written opinion. *HSBC Bank USA v. United Air Lines, Inc. (In re UAL Corp.)*, 351 B.R. 916 (Bankr. N.D. Ill. 2006) (the "prior decision"). HSBC brought the proceeding against United Air Lines, Inc. ("United"), a Chapter 11 debtor, to determine the value of a security interest that HSBC holds in United's lease of maintenance space at San Francisco Airport (the "SFO lease"). The judgment determined this value, giving HSBC a fixed allowed secured claim that will be paid according to United's confirmed plan of reorganization. However, the judgment did not address whether HSBC was entitled to a payment of adequate protection

on its claim—relief that HSBC had requested before the trial but did not raise during the trial or post-trial briefing. HSBC now seeks an award of adequate protection.[1]

As discussed below, the motion will be denied. Despite HSBC's failure to raise its request for adequate protection at trial, the request can properly be considered now, but it fails on its merits. Adequate protection is only payable when a bankruptcy estate retains collateral pursuant to the automatic stay. Once the stay is no longer applicable—whether because the collateral has been liquidated, because relief from the stay has been granted, or, as here, because the stay has terminated as a result of plan confirmation—adequate protection is moot. After confirmation of a plan, claim treatment is dictated by the terms of the plan, and the terms of United's plan do not provide for any payment of adequate protection on HSBC's claim.

## Jurisdiction

This court has jurisdiction to enter a final judgment, as discussed in the prior decision. *HSBC Bank*, 351 B.R. at 918.

## Factual Background

Most of the facts relevant to HSBC's pending motion are discussed in the prior decision, *id.* at 918-19, and are briefly summarized here, together with a few additional matters particularly relevant to the adequate protection claim.

HSBC is the indenture trustee for holders of municipal bonds that financed improvements at SFO on property leased by United. The bonds were to be paid solely by United, through a transaction in which United nominally subleased a portion of its

---

[1] Originally, HSBC's motion sought "clarification" that the judgment was not intended to resolve all of the issues in the case, leaving adequate protection an open question. After the court rejected that contention at oral argument, the parties submitted supplemental briefs on whether the evidence adduced at trial would allow an award of adequate protection notwithstanding HSBC's failure to argue the point.

2

SFO leasehold to the indenture trustee and the trustee leased the property back to United, with rent under the leaseback equal to debt service on the bonds. HSBC took the position that the sublease/leaseback transaction was a set of true leases. United contended that it was actually a financing arrangement, in which the sublease gave the indenture trustee an interest in United's SFO lease securing the payments required by the leaseback. United filed an adversary proceeding seeking recharacterization of the transaction consistent with its view. This court found in favor of United, and the judgment was ultimately upheld on appeal. *United Air Lines, Inc. v. HSBC Bank USA*, 307 B.R. 618 (Bankr. N.D. Ill. 2004), *rev'd*, 317 B.R. 335 (N.D. Ill. 2004), *rev'd*, 416 F.3d 609 (7th Cir. 2005), *cert. denied*, __ U.S. __, 126 S.Ct. 1465 (2006).

On April 28, 2004, while the appeals of the recharacterization proceeding were pending, HSBC filed the current adversary proceeding to address the possibility that its position on recharacterization would not prevail. HSBC's adversary complaint sought to value the interest that HSBC would have in United's leasehold and to obtain a declaration that HSBC had an allowed secured claim in that amount. The complaint also requested relief under § 363(e) of the Bankruptcy Code (Title 11, U.S.C.), which provides that where a bankruptcy estate uses collateral, the creditor is entitled on its request to have its interest in the collateral adequately protected.

In addition, a month after it filed the adversary proceeding, HSBC moved for relief from the automatic stay to allow it to enforce a right to take possession of the property conveyed by the sublease. Bankruptcy Docket No. 6957. However, HSBC did not press its request either for adequate protection or for relief from the automatic stay. Instead, these matters were simply continued along with the adversary proceeding. Indeed, the parties expressly stipulated that the motion for relief from the stay

3

would be considered in conjunction with the adversary complaint rather than as a matter requiring immediate determination. Bankruptcy Docket No. 7412.

Before trial on HSBC's adversary complaint began, United's Chapter 11 plan was confirmed. The subsequent trial was a plenary one; no party had suggested that the value of HSBC's security interest in the SFO lease should be determined separately from HSBC's request for adequate protection of that claim, and the court entered no order of bifurcation. Nevertheless, claim valuation was the only question that parties addressed at the trial. Only after the court's judgment determining the valuation question did HSBC move for consideration of its adequate protection request.

## Legal Conclusions

1. *Judicial discretion to consider arguments under Rule 59(e) that were not made before the entry of judgment*

HSBC's pending motion for an award of adequate protection is brought pursuant to Rule 59(e), Fed. R. Civ. P., made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9023. Rule 59(e) itself sets out no standard for granting relief. It provides simply that "[a]ny motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment."

United's first objection to HSBC's motion is that there is a judicially created limitation on Rule 59(e) relief, providing that a judgment cannot be altered or amended to grant relief on the basis of an argument that was not made prior to judgment. United's argument is based on statements such as this one from *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986): "Motions . . . to alter or amend a judgment . . . cannot be used to raise arguments which could, and should, have been made before

the judgment issued."[2] If such statements imposed an absolute limitation on the grant of Rule 59(e) relief, the limitation would be applicable here, since HSBC's argument for adequate protect certainly could and should have been made before judgment.

However, the statements relied on by United serve more as a warning to litigants—that Rule 59(e) accords no right to make untimely post-judgment arguments—than as a limit on a trial court's discretion to consider such arguments. The parties have cited no authority reversing a trial court for considering arguments made for the first time after judgment. To the contrary, *Boulevard Bank N.A. v. Phillips Med. Systems Int'l B.V.*, 15 F.3d 1410, 1426 (7th Cir. 1994), quoted the *Meyer* statement in noting that the district court "may not have been required" to consider Rule 59(e) arguments that were not raised prior to a summary judgment, but then stated that "since the district court did not deem the . . . arguments to have been waived, we will also address their merits." The Third Circuit merely notes that courts "often take a dim view" of new arguments after judgment, *Kiewit Eastern. Co., Inc. v. L & R Const. Co. Inc.*, 44 F.3d 1194, 1204 (3d Cir. 1995), and the First Circuit has explicitly recognized that trial judges have discretion to consider new arguments under Rule 59(e). *Williams v. Poulos*, 11 F.3d 271, 289 (1st Cir. 1993) ("The decision to grant or deny a Rule 59 motion is committed to the wide discretion of the district court . . . . [T]his discretion attaches to a court's decision on whether to allow a party to argue new material or a new theory under Rule 59.").

In the situation here, it is an appropriate exercise of discretion to consider HSBC's adequate protection argument. Although the issue of adequate protection was

---

[2] Similar statements appear in *Simon v. United States.*, 891 F.2d 1154, 1159 (5th Cir. 1990), and *Harley-Davidson Motor Co., Inc. v. Bank of New England*, 897 F.2d 611, 616 (1st Cir. 1990) (Rule 59(e) is "aimed at reconsideration, not initial consideration.")

not addressed at trial, HSBC's pleadings raised the issue, and the parties have argued its merits in the context of the HSBC's Rule 59(e) motion based entirely on the evidence adduced at trial, just as they could have done in post-trial briefs. Thus, the situation is much like one an appellate court faces in considering an argument raised for the first time on appeal—where, if the argument is a purely legal one, the waiver resulting from failure to raise it earlier will sometimes be forgiven. *See, e.g., In re Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (considering a constitutional challenge to a bankruptcy court's judgment first raised on appeal to the district court). Whether to grant an award of adequate protection to HSBC is best decided on the merits, rather than the timing, of its legal argument.

2. *The limits of adequate protection*

On the merits, HSBC is not entitled to an award of adequate protection. Adequate protection is a remedy that the Bankruptcy Code offers to secured creditors while their collateral is being administered by a trustee (or a debtor in possession exercising the powers of a trustee) as part of a bankruptcy estate. During this period, the automatic stay under § 362(a) prevents creditors from exercising their nonbankruptcy remedies—such as repossession, foreclosure, or eviction—against the collateral. With the automatic stay in effect, a creditor's interest in the collateral may decline in value, and the Code addresses this possibility by offering two alternatives: relief from the automatic stay under § 362(d), allowing the creditor to pursue its nonbankruptcy remedies, or adequate protection under § 361, giving the creditor some assurance that any "decrease in the value of [its] interest" in the collateral will be offset, either by cash payments, additional or replacement liens, or some other relief that provides an "indubitable equivalent" to the interest sought to be protected. *See In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 90 (2d Cir. 2003) (adequate protection is required

6

"[w]hen the automatic stay endangers 'an interest of an entity in property' of the estate").

Thus, adequate protection operates only prospectively. If the automatic stay is no longer in effect—because relief from the stay has been granted or the property has been surrendered or sold—adequate protection has no function. Relief from the stay leaves the creditor free to claim whatever interest in the property it has under applicable nonbankruptcy law, and surrender or sale of the property eliminates any effect of the automatic stay. Section 363(e)—the provision of the Code under which HSBC seeks an award of adequate protection—clearly reflects its prospective nature: "[O]n request of an entity that has an interest in property used . . . by the trustee, the court . . . shall prohibit or condition such use . . . as is necessary to provide adequate protection of such interest." If the property in question is no longer being administered by a trustee (or debtor in possession) under the protection of the automatic stay, there is no use of the property by the trustee that can be "conditioned" on the trustee providing adequate protection. When the bankruptcy estate's use of collateral has ceased, so has the rationale for adequate protection. *See In re Best Prods. Co.*, 149 B.R. 346, 348 (S.D.N.Y. 1993) (affirming denial of an award of adequate protection after the debtor surrendered the collateral and noting that "Section 363(e) is by its terms inapplicable when the Bankruptcy Court has no effective ability to condition the property's present or future use").

In this case, the confirmation of United's plan of reorganization terminated the automatic stay as to HSBC's interest in United's SFO leasehold. Confirmation has the effect of "revesting" property of the bankruptcy estate in the debtor pursuant to § 1141(b), and once property is removed from the estate, the automatic stay terminates

pursuant to § 362(c)(1).[3]   Revested with its property, a Chapter 11 debtor is "emancipated," *Pettibone Corp. v. Easley*, 935 F.2d 120, 122-23 (7th Cir. 1991), and the rights of the debtor and its creditors are thereafter determined by the plan rather than the provisions of the Bankruptcy Code governing estate administration. *In re Victorian Park Assocs.*, 189 B.R. 147, 151 (Bankr. N.D. Ill. 1995) ("[I]f all property is revested in the debtor and no estate remains to be administered, then the provisions in the Bankruptcy Code governing administration of a bankruptcy estate and the attendant rights and duties of creditors and debtors cease to govern."). Just as HSBC's motion for relief from stay was rendered moot by plan confirmation, so was its request for adequate protection under § 363(e).[4]

### 3. *The treatment of HSBC's claim under the plan*

Since plan confirmation terminated the statutory right that HSBC had to an award of adequate protection, HSBC could only be entitled to adequate protection if the plan itself so provided. However, United's plan not only fails to provide an adequate protection payment for HSBC's claim, it treats the claim in a manner that fore-

---

[3] Revesting under § 1141(b) can be prevented by provisions of the plan or order of confirmation. However, United's plan expressly provides for revesting (Second Amended Ch. 11 Plan, Bankruptcy Docket No. 14813, § VI.B), and the order of confirmation (Bankruptcy Docket No. 14829) contains nothing to the contrary.

[4] Because adequate protection is unavailable after confirmation, it is not necessary to determine the amount that United would have been required to pay to use HSBC's collateral under the protection of the automatic stay. The calculation of adequate protection has generated a substantial split of authority. *Compare In re Craddock-Terry Shoe Corp.*, 98 B.R. 250 (Bankr. W.D. Va. 1988) (awarding loss of claim value from date of bankruptcy filing) *with In re Wilson*, 70 B.R. 46 (Bankr. N.D.Ind. 1987) (awarding loss of claim value from the date of the motion for adequate protection) *and In re Deico Electronics, Inc.*, 139 B.R. 945 (B.A.P. 9th Cir. 1992) (awarding loss of claim value from the date that creditor would have been able to obtain the property in the absence of the automatic stay). *See also In re Addison Properties Ltd. P'ship*, 185 B.R. 766, 780 n.15 (Bankr. N.D.Ill. 1995) (applying adequate protection to the value of a creditor's claim as of the filing date, but leaving open the question of the point at which a decline from that value should be calculated).

closes any such payment. The plan—binding on both United and HSBC pursuant to § 1141(a) of the Code—treats HSBC's claim as follows:

(a) To the extent of HSBC's security interest in United's SFO lease (the amount determined in the judgment at issue here), the claim is required to be paid in cash. Second Amended Ch. 11 Plan, §§ VII.E.3.a(ii); III.D.3.b.[5]

(b) "[F]or any amounts owed by [United] exceeding the value of the SFO Security Interest," HSBC's claim is to be paid pro rata with other unsecured claims. *Id.*, §§ VII.E.3.a(ii); III.D.12.b.

(c) "In full and final settlement of potential objection to Confirmation of [the] Plan by the [municipal bond] Indenture Trustees," United is to pay the reasonable legal fees incurred by the trustees in litigating their claims. *Id.*, § IX.K.1.

This treatment of HSBC's claim—cash for the secured portion of the claim, pro rata treatment of the balance, and an award of attorneys' fees—is exhaustive. For HSBC to receive an additional award of adequate protection on the claim would contradict the provision of § VII.E.3.a(ii), requiring that all amounts owing on the claim in excess of HSBC's security interest to be paid on a pro rata basis with other unsecured claims.[6]

Moreover, as United has argued, the provision for an award of attorneys' fees indicates that the treatment of HSBC's claim was carefully negotiated. As an undersecured creditor, HSBC would not have been entitled to attorneys' fees under the Code; § 506(b) requires payment of such fees (provided for by the parties' agreement) only

---

[5] Section III.D.3.b gives United other options for satisfaction of the secured portion of an allowed claim—surrendering the collateral or reinstating the original obligation—that would not be applicable here.

[6] Thus, even if HSBC's adequate protection claim would otherwise have survived plan confirmation, this provision of the plan would foreclose it.

9

"to the extent that [the creditor's claim] is secured by property the value of which . . . is greater than the amount of such claim." Accordingly, the provision in § IX.K.1 for attorney fees was indeed a concession by United, consistent with the declaration that the provision was a "full and final settlement" of all objections of the municipal bond trustees to the treatment of their claims under the plan. HSBC did not object to confirmation and cannot obtain by way of adequate protection more than the plan provides for its claim.

### Conclusion

For the reasons stated above, HSBC has shown no grounds for altering or amending the judgment in this proceeding. Its motion will be denied.

Dated: January 22, 2007

Eugene R. Wedoff
United States Bankruptcy Judge